UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERNEST HOUSTON,

Plaintiff,

v.

MARTIN et al.,

Defendants.

Case No. 2:19-cv-01706-GMN-EJY

ORDER

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner.  On September 1, 2020, this Court issued an order denying the application to proceed *in forma pauperis* for prisoners as moot because Plaintiff was no longer incarcerated.  (ECF No. 6 at 1).  The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 within 30 days from the date of that order.  (*Id.*)  The 30-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

1  dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421,

2  1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with

3  local rules).

4      In determining whether to dismiss an action for lack of prosecution, failure to obey

5  a court order, or failure to comply with local rules, the court must consider several factors:

6  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

7  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

8  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

10  130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11      Here, the Court finds that the first two factors, the public's interest in expeditiously

12  resolving this litigation and the Court's interest in managing the docket, weigh in favor of

13  dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

14  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

15  in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air*

16  *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring

17  disposition of cases on their merits—is greatly outweighed by the factors in favor of

18  dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey

19  the court's order will result in dismissal satisfies the "consideration of alternatives"

20  requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

21  F.2d at 1424.  The Court's order requiring Plaintiff to file an application to proceed *in forma*

22  *pauperis* for non-prisoners or pay the full filing fee within 30 days expressly stated: "It is

23  further ordered that, if Plaintiff fails to timely file an application to proceed *in forma*

24  *pauperis* for non-prisoners or pay the full fulling fee of $400, the Court will dismiss this

25  case without prejudice."  (ECF No. 6 at 7).  Thus, Plaintiff had adequate warning that

26  dismissal would result from his noncompliance with the Court's order to file an application

27  to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within 30 days.

28  ///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with this Court's September 1, 2020, order.

It is further ordered that the Clerk of Court will close the case and enter judgment accordingly.

DATED THIS 14 day of October 2020.

Gloria M. Navarro, Judge
United States District Court